ELLEN R. RUBENSON, Plaintiff-Appellant, *v.* MSI REAL ESTATE, Defendant-Appellee.

First District (4th Division)   No. 81—1405

Opinion filed June 24, 1982.—Rehearing denied September 13, 1982.

Robert W. Patterson and Peter F. Lovato III, both of Chicago (Hopkins & Sutter, of counsel), for appellant.

William I. Goldberg and John H. Ward, both of Antonow & Fink, of Chicago, for appellee.

JUSTICE JIGANTI delivered the opinion of the court:

The plaintiff, Ellen R. Rubenson, brought this action against the defendant, MSI Real Estate, to recover compensation for procuring a tenant for the defendant's building. The trial court dismissed the plaintiff's amended complaint with prejudice on the grounds that she was not a licensed real estate salesman at the time she provided the services for which she seeks compensation. The trial court based its ruling on section 7 of the Real Estate Brokers and Salesmen License Act (License Act) which prohibits any person who is not licensed under the Act from bringing a suit for compensation for acts restricted to licensed real estate salesmen and brokers. (Ill. Rev. Stat. 1979, ch. 111, par. 5714.) The plaintiff appeals, contending that she was exempt from the provisions of the Act and, alternatively, that if she fell within the prohibition, she could still recover the claimed compensa-

tion based upon services she performed after obtaining a license.

The plaintiff's amended complaint alleges that on May 23, 1977, the defendant offered to employ her as a "regular salaried employee" to perform leasing services in connection with Three Illinois Center, a high-rise office building owned in part and developed by the defendant. The agreement did not provide for such services with respect to any other property. She was offered an annual "salary" of $12,000 and additional compensation computed in accordance with a specific formula in the event she obtained any tenants. The plaintiff accepted the offer of employment. This agreement was not reduced to writing. She was not a licensed salesperson at the time. On July 20, 1977, she contacted a representative of Peat, Marwick, Mitchell & Company (Peat-Marwick) to determine whether that firm had any interest in leasing space in the defendant's building. She was informed of Peat-Marwick's possible interest and met with its representative on July 27, 1977. On August 9, 1977, the plaintiff and a vice-president of the defendant took certain officers of Peat-Marwick to lunch and on an inspection tour of the building.

On November 2, 1977, the plaintiff learned that she had fulfilled the requirements for obtaining a real estate salesman's license. On that same date the plaintiff and the defendant entered into a written employment agreement which recited the fact that she was a licensed real estate salesman. The agreement, which is attached to the plaintiff's complaint, states that it was effective as of May 23, 1977, the date of the oral employment agreement. Unlike the oral agreement, it does not restrict the plaintiff's services to obtaining tenants for Three Illinois Center. It provides that the plaintiff would receive a $12,000 "annual draw" which would be deducted from the total amount of commissions earned by her in that year. The agreement then sets out a formula for determining the amount of commissions earned by the plaintiff for procuring leases.

The plaintiff alleges that after she received her license, she "kept in contact" with the representative of Peat-Marwick whom she had originally contacted and prepared surveys of space usage in the building then occupied by Peat-Marwick. From time to time, the plaintiff was apprised of meetings between senior officials of the defendant and Peat-Marwick but was instructed not to attend the meetings. The defendant advised her orally that despite her "more passive role" in the negotiations, she would recover a commission if Peat-Marwick signed a lease.

In December 1978, while negotiations with Peat-Marwick were continuing, the defendant terminated the plaintiff's employment. In

May of 1979, Peat-Marwick signed a lease and the plaintiff subsequently demanded compensation.

Section 7 of the License Act prohibits a suit for compensation for any services which the Act restricts to licensed real estate brokers and salesmen unless the person performing those services was licensed prior to "offering to perform" them or "procuring any promise" of compensation therefore. (Ill. Rev. Stat. 1979, ch. 111, par. 5714.) The plaintiff's complaint shows that she was not licensed in May of 1977 when she offered to perform leasing services for the defendant, nor was she licensed in July of 1977 when she entered into negotiations with Peat-Marwick.

The plaintiff argues that the provisions of section 6 serve to exempt her from section 7. Section 6 provides as follows:

"The provisions of this Act shall not apply to any * * * corporation who as owner or lessor shall perform any of the acts aforesaid with reference to property owned or leased by them, or to the regular salaried employees thereof, with respect to the property so owned or leased, where such acts are performed in the regular course of, or as an incident to, the management of such property and the investment therein, and *not in connection with a whole or partial vocation of selling or offering to sell, buying or offering to buy, or negotiating the purchase or sale or exchange of real estate, or the leasing or offering to lease,* or renting or offering for rent of any real estate, or the negotiation of leases therefore or of the improvements thereon." (Emphasis added.) Ill. Rev. Stat. 1979, ch. 111, par. 5713.

Section 6 provides generally that an action for compensation by a building owner's regular salaried employee may be brought despite the fact that the employee is not licensed, where that employee leases property in the regular course of managing the property. Such an action may not be brought, however, if the employee is engaged in the vocation of leasing real estate. According to Rubenson's allegations, her only duty was to lease the property involved. The provision of section 6 regarding persons engaged in the "vocation of leasing" would have no meaning if it could not be applied to a person such as Rubenson. The statute would have to be read as saying that the vocation of leasing provision does not apply to persons employed by owners of buildings to manage the property even if those employees are engaged solely in leasing the property. In our judgment, that construction does not comport with the general purpose of the License Act which is to evaluate the competence of those engaged in the real

estate profession.

In support of her position, Rubenson cites *Brandenberry Park East Apartments v. Zale* (1978), 63 Ill. App. 3d 253, 379 N.E.2d 674. In *Brandenberry*, Zale was the contract seller of a building purchased by Brandenberry, and, after signing the contract to sell, continued to manage the property for Brandenberry under a contract calling for management fees. Brandenberry refused to pay the management fees on the theory that the "management" services really constituted nothing more than leasing apartments and were therefore restricted by the License Act to licensed salesmen. The court found that section 6 of the License Act exempted Zale from the license requirement and allowed his suit for compensation. Rubenson argues that by allowing Zale to recover, the court found that despite the fact that he performed only leasing services, he was not engaged in the vocation of leasing.

We do not believe that to be a proper interpretation of the holding in *Brandenberry*. First, no one raised the issue of whether Zale was in the vocation of leasing, and there are few facts in the opinion which bear on that question. Second, although Rubenson accepts as a fact the allegation by Brandenberry that Zale performed no management services other than leasing, the court clearly stated that there was no evidence to support that allegation. Thus, we cannot draw the conclusion that Zale was in the vocation of leasing.

The plaintiff next argues that even if she is not exempt from the license requirement, she is entitled to recover for services rendered after she obtained a license. According to her allegations, these services amounted to "keeping in contact" with a representative of Peat-Marwick and preparing a space usage survey.

Section 7 explicitly bars suits to recover compensation for services coming under the definition of "real estate salesman" unless the person claiming such compensation was licensed *"prior to* the time of offering to perform *** or procuring any promise or contract for the payment of compensation for" such services. (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 111, par. 5714.) As we construe the plaintiff's complaint, she is seeking compensation. in accordance with the formula set forth in the written agreement for computing commissions. We do not believe she is seeking restitution from MSI for unjust enrichment in connection with her efforts in preparing the survey and keeping in contact with Peat-Marwick. To allow her to recover the amount she is claiming would necessarily involve compensating her for leasing services which she offered to perform in May of 1977—five months before she was licensed under the Act.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

JOHNSON, P. J., and ROMITI, J., concur.